DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which adopted the magistrate's decision and entered a final judgment entry of divorce of the parties. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Sylvia Dubois Liss, sets forth the following four assignments of error:
 {¶ 3} "I. The trial court abused its discretion in adopting the magistrate's decision.
 {¶ 4} "II. The trial court should not have selected 1989 as the de facto termination of the marriage and valued the marital property as of that date.
 {¶ 5} "III. The trial court should not have unequally and inequitably divided the parties' marital property.
 {¶ 6} "IV. The trial court should have awarded spousal support to appellant."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. In 1964, appellee secured a business loan, utilized personal savings, and opened a new pizza restaurant in downtown Bowling Green, Ohio. In 1965, the parties were married and appellant commenced employment as a waitress in appellee's restaurant. Over the years, the business grew dramatically and remains headed by appellee to the present time. Likewise, appellant remains employed by the business and assumed additional job responsibilities over the years.
 {¶ 8} Appellee owns a 51 percent stake in the company. Appellant owns the remaining 49 percent share. A separate corporation launched in 1988, in order to franchise this pizza business, is wholly owned by appellee.
 {¶ 9} In the wake of a series of marital difficulties, appellee moved from the marital home and the parties separated at the request of appellant in July 1989. Following their separation, the only continuing link between these parties was their *Page 3 
continued involvement in the pizza business. The parties undertook no efforts to reconcile and both commenced new relationships with new partners shortly after the 1989 separation. They have lived and functioned separately in all aspects of their lives other than the business since 1989.
 {¶ 10} On January 11, 2006, appellee filed a complaint for divorce against appellant. In his complaint, appellee asserted that the marriage had de facto terminated at the time of the 1989 separation. On March 8, 2006, appellant filed a counterclaim. No spousal support was requested. Between 1989 and the 2006 divorce filing, no temporary financial support orders were sought.
 {¶ 11} On May 9, 2007, a two-day trial commenced before the Wood County Domestic Relations magistrate. On July 19, 2007, the magistrate issued her decision. On August 1, 2007, appellant filed her objections. On December 18, 2007, the trial court overruled the objections and adopted the magistrate's decision. The trial court determined, in relevant part, that it would utilize the 1989 separation date as the de facto marriage termination date, issued a property award to appellant in an amount of approximately $2,655,000 of the total property of approximately $6,375,000, and held that neither party shall receive spousal support. Appellant filed timely notice of appeal.
 {¶ 12} In her first assignment of error, appellant asserts that the trial court abused its discretion in adopting the magistrate's decision. An abuse of discretion requires more than a mere error of law or judgment. It demands that the disputed action of the court be *Page 4 
shown as unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} In support of the first assignment, appellant furnishes no supporting factual detail or analysis and simply refers this court to the analysis delineated in support of subsequent assignments of error. Appellant then summarily concludes, "Therefore, the decision of the trial court to adopt the magistrate's decision represents an error." In response, appellee properly asserted that appellant's first assignment constituted an unsupported generalization. In an unpersuasive and unsupported effort to bolster the argument in the reply brief, appellant concluded without evidentiary support, "the adoption of the magistrate's decision encapsulates an accumulation of multitudinous other errors."
 {¶ 14} Appellant has failed to demonstrate that the trial court's adoption of the magistrate's decision was unreasonable, arbitrary or unconscionable. Appellant's unsupported conclusion does not constitute objective, factual evidence in support of the assignment. Appellant's first assignment of error is not well-taken.
 {¶ 15} In the second assignment of error, appellant asserts that the trial court abused its discretion in utilizing the 1989 separation date as the de facto marriage termination date rather than the 2006 date of the final divorce hearing.
 {¶ 16} R.C. 3105.171 establishes that a final divorce hearing date is determinative for property valuation purposes unless the trial court concludes use of that date to be inequitable. The Supreme Court of Ohio has reaffirmed the principle that equity *Page 5 
sometimes demands that the trial court utilize a de facto marriage termination date in its asset valuation. Berish v. Berish (1982), 69 Ohio St.2d 318. See, also, R.C. 3105.171(B)(2)(b). In assessing which date to use for asset valuation, trial courts must engage in a totality of the circumstances analysis considering factors such as whether there were attempts at reconciliation, maintenance of separate residences, maintenance of separate financial accounts, and subsequent cohabitation of the parties with new partners following the separation.
 {¶ 17} The record shows that the trial court thoroughly and deliberately considered a multitude of factors in determining whether a de facto marriage termination date was warranted for asset valuation. The evidence showed that during the 17-year separation prior to divorce the parties maintained separate residences, made no efforts of any kind at reconciliation, maintained separate financial accounts, separately paid their personal expenses, did not engage in joint social or sexual activity, each cohabitated with new partners for the bulk of the separation period, and each led separate lives other than their involvement in the pizza business.
 {¶ 18} Our review of the record similarly shows that the evidence weighs heavily in favor of the trial court's conclusion that the parties' conduct subsequent to their 1989 separation supports the utilization of that date as a de facto marriage termination date. There is no evidence in the record establishing that the parties bilaterally or unilaterally acted or considered themselves to be engaged in a marital relationship with one another following the 1989 separation. On the contrary, both parties quickly commenced new *Page 6 
marital-type relationships with new partners shortly after the separation and led separate lives. The totality of the circumstances shows that the marriage de facto came to a close at the time of the parties' separation.
 {¶ 19} Given the totality of these facts and circumstances in this case, we concur with the trial court's determination that equity requires utilization of the 1989 separation date for valuation of marital property. That is when the marriage ended in all but name only. Appellant's second assignment of error is not well-taken.
 {¶ 20} In the third assignment of error, appellant contends that the trial court's division of marital property was grossly inequitable and, therefore, an abuse of discretion. As conceded by appellant, it is well established that an equitable division of marital property need not be an equal one. R.C. 3105.171(C)(1) enumerates the factors to be considered in making a marital property division determination. Factors to be reviewed include duration of the marriage, assets and liabilities of the parties, property liquidity, economic desirability, tax consequences, cost of sale, as well as other factors relevant to a particular case.
 {¶ 21} The material assets of the parties in this case are uniquely considerable. The record contains voluminous financial documentation that was painstakingly assembled, reviewed and considered by the trial court. Ultimately, the trial court issued appellant a marital property award of approximately $2.6 million of a total of $6.3 million in total assets. The record shows that the trial court went to great lengths to be equitable including imposing equalization payments with interest against appellee, *Page 7 
awarding unrequested back child support with interest to appellant, and also dividing some assets utilizing current valuations.
 {¶ 22} In the context of the case involving a marriage that had effectively ended in 1989, we cannot say that a 2006 marital property award to appellant of approximately 40 percent of a sizable corpus is unreasonable, arbitrary or unconscionable. Appellant's third assignment of error is not well-taken.
 {¶ 23} In appellant's fourth assignment of error, it is asserted that the trial court erred in failing to award spousal support.
 {¶ 24} The record shows that appellant never sought spousal support in her counterclaim, appellant sought no such temporary orders during the 17-year separation, appellant failed to object to the portion of the magistrate decision finding that neither party would be awarded spousal support, and significantly, appellant presented no evidence at trial in support of such a claim. Appellant's fourth assignment of error is not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of his appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1